861 F.2d 263
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re John Edward CLARK, a/k/a Eddie Hatcher, Petitioner.
 No. 88-5152.
 United States Court of Appeals, Fourth Circuit.
 Oct. 4, 1988.
 
 Before JAMES DICKSON PHILLIPS, Circuit Judge, sitting as a single judge.
 OPINION
 This matter came before me as a single circuit judge on petitioner's petition for a writ of mandamus compelling Honorable Terrence W. Boyle, United States District Judge, to continue petitioner's trial on hostage taking and illegal firearms charges, which trial was scheduled to commence before Judge Boyle and a jury on Monday, September 26, 1988, in the Eastern District of North Carolina, and to restore Ronald L. Kuby as one of petitioner's attorneys pro hac vice.
 The petition was filed in the office of the clerk of this court in Richmond, Virginia, on the morning of Friday, September 23, 1988. In view of the emergency nature of the petition, it was referred to me for determination as a single circuit judge. See Fed.R.App.P. 2, 21(a), 27(c); Local Rule 21, Fourth Circuit.
 The grounds of the petition were that petitioner's chief trial counsel, William M. Kunstler, Esquire, was currently engaged as appointed defense counsel in an ongoing criminal trial in New York and would be unable to appear in petitioner's trial in the Eastern District of North Carolina at the scheduled time, and that Ronald L. Kuby, Esquire, one of petitioner's associate trial attorneys would not be able to appear because of a previous revocation of his pro hac vice admission by Judge Boyle and a later refusal by Judge Boyle to restore his admission.
 From the motion papers, the following critical facts appeared:
 1. On August 4, 1988, Judge Boyle, on motion of the petitioner for a continuance of petitioner's trial from its previous setting for August 1, 1988, entered an order continuing the trial "until a date to be set by the court at or following September 19, 1988." Earlier, on petitioner's motion, Judge Boyle had ordered a continuance from the court's July 11, 1988 term, until the August 1 term. At the time of entry of the August 4, 1988 continuance order, all parties, including petitioner, announced in open court that they would be prepared for trial at or following the September 19, 1988, date set by Judge Boyle. These continuances were granted because of the asserted inability of petitioner's chief trial counsel to appear at the earlier scheduled trials.
 2. In the same August 4, 1988 order, Judge Boyle revoked the permission formerly given attorney Kuby to appear pro hac vice, because of Kuby's failure to attend court on the August 1, 1988 date scheduled for trial.
 3. Since entry of the August 4, 1988 order continuing the trial until September 19, 1988 or thereafter, Judge Boyle had requested and received two letters, with copies to counsel, from the judge presiding over the New York trial in which Mr. Kuntsler appears, indicating that that trial was still in progress and estimating its likely completion date. The first, dated September 8, 1988, estimated that the case would not go to the jury before October 10, 1988. The second, dated September 22, 1988, estimated that the case would not go to the jury until October 17 or 18.
 So far as the motion papers before me disclosed, no specific motion for further continuance had been made in the district court based upon these estimates of the progress of the New York trial; nor had any specific motion been made in the district court to modify the August 4, 1988 order, setting trial for September 19, 1988, as the earliest possible date.
 4. On August 29, 1988, Judge Boyle denied petitioner's motion, dated August 22, 1988, for reinstatement of attorney Kuby to pro hac vice status.
 5. Petitioner represented, and I accepted the representation for purposes of this proceeding, that on September 19, 1988, Judge Boyle, acting pursuant to his August 4, 1988 setting order, and on one week's notice to the parties, set petitioner's trial for its currently scheduled commencement on September 26, 1988, and that this was done over the objection of defense counsel.
 From these facts as presented in petitioner's motion papers, I concluded as follows:
 1. Notwithstanding their actual knowledge, by September 8, 1988, at the latest, that the New York trial would extend well past the possible September 19 setting, neither petitioner nor his counsel had made any effort to obtain a further continuance by modification of the extant August 4 order or otherwise until counsel assertedly raised objection to Judge Boyle's setting, on September 19, 1988, of September 26 as the trial date.
 2. Since September 19 at the latest, defense counsel had known of the September 26 setting, but, for reasons that do not appear, delayed until, Friday, September 23, 1988, on the eve of trial, seeking the extraordinary relief requested from this court.
 3. Appellate mandamus is of course an extraordinary remedy, to be granted in the unusual circumstance of trial court action or inaction so palpably in error or violative of the court's jurisdiction that the mandamus court can confidently conclude that error of that dimension has occurred and that positive injustice will result if the remedy is not granted.
 
 
 1
 4. On the truncated record before me, which I necessarily considered ex parte at this late hour, I could not come to such a conclusion about any of the district court's actions or inactions that petitioner seemed to challenge. First off, it was not entirely clear from these papers that the district court had been presented a fair first opportunity to afford the remedy sought here. So far as appears, that court, on August 4, 1988, put all parties on notice that trial would commence not sooner than, but possibly as soon as, September 19, 1988, and all parties, including petitioner, at the time acknowledged themselves prepared, after two successive continuances to that point, to go to trial on that date. Since then, unless counsel's belated objection on September 19, 1988, to the final September 26, 1988 setting is taken as a motion for further continuance, the district court had proceeded without direct objection on the course announced on August 4, 1988.
 
 
 2
 5. Even if it be assumed that the remedy sought here had fairly been earlier sought in the district court, mandamus was not appropriate. The district court's denial of further continuance, if that be taken as the effect of its act of setting the extant trial date, could not be considered on the record before me so obviously and egregiously in error as to justify the extraordinary remedy petitioner sought.
 
 
 3
 Though ultimately constrained by constitutional concerns, the decision whether to grant a continuance because of counsel's unavailability is one committed in the first instance to trial court discretion. The constitutional right that sets ultimate bounds on that discretion is the sixth amendment right to counsel of choice, in this context not an absolute right but only the qualified right to be afforded a fair opportunity to secure counsel of choice. See Sampley v. Attorney General, 786 F.2d 610 (4th Cir.1986). Here, given the several continuances already granted, petitioner's long-standing knowledge of the current trial date, and his knowledge since September 8, 1988, at the latest, of the strong likelihood that his first choice of counsel would not be available on that date, the question of fair opportunity to secure other counsel was at least an arguable one on the record before me. In that circumstance, I could not conclude, as issuance of the writ would require, that the district judge's discretionary denial of continuance was so manifestly an abuse of discretion or violation of constitutional right that the court had no legal course but to grant it.
 
 
 4
 For these reasons, on September 23, 1988 I directed entry of an order denying the petition. See Fed.R.App.P. 21(b). Denial of this extraordinary remedy under the circumstances does not of course constitute any judgment on the merits of the district court's actions in the premises down to date of the petition, and is without prejudice to the right of petitioner to seek further continuance from the district court and of the district court to exercise a proper discretion in ruling de novo upon any such motions made.